IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHARLES HAMNER**                                                                   **PLAINTIFF**
**ADC #143063**

v.                             No: 4:25-cv-00450-KGB-PSH

**DEXTER PAYNE,** *et al.*                                       **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

On May 7, 2025, plaintiff Charles Hamner, an inmate at the Arkansas Division of Correction's Pine Bluff Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2) as well as an *in forma pauperis* application (Doc. No. 1).

Hamner is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The following cases filed by Hamner were

dismissed for failure to state a claim before he filed this lawsuit: *Hamner v. Bowman,* 2:22-cv-00119-BSM; *Hamner v. Felts, et al.,* 2:22-cv-00137-JM; and *Hamner v. Straughn, et al.,* 2:23-cv-00195-BSM. The three-strikes provision requires the Court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

Hamner alleges that Corporal Daniels touched him in a sexual manner on January 25, 2025. Doc. No. 2 at 4-11. He further claims that he reported her behavior to Lieutenant Sheila Lowden and Major Jamesha Madden, and they threatened to place him in an isolation cell where he would lose his property and

certain privileges if he initiated a PREA[1] investigation. *Id.* at 4-5. Hamner alleges that he reported the incident to the ADC's internal affairs division, Dexter Payne, and Dale Reed, urging them to pursue criminal charges, but they did not. *Id.* at 6-7. He alleges he then wrote Jefferson County Sheriff Lafayette Woods who forwarded his letter to Deputy Warden Adam Clark. *Id.* at 7. Hamner claims that Clark told him to drop the matter and refused to take any action with respect to Hamner's allegations. *Id.* at 7-8. Finally, he alleges that Madden learned of his letter to Woods and assigned him to field squad with no sun protection, causing him to suffer a sunburn. *Id.* at 9. According to a grievance attached to his complaint, Madden refused him sun protection on April 24, 2025. *Id.* at 23.

While these allegations are serious, Hamner may only proceed *in forma pauperis* with respect to claims stemming from an ongoing threat of serious physical injury. *See Martin v. Shelton,* 319 F.3d at 1050 ("Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."). Hamner makes no allegation that the defendants pose an ongoing threat to his physical safety. Rather, he alleges he was sexually assaulted in an isolated incident that occurred more than three months before he filed this complaint and that another defendant retaliated against him in late April by assigning him to field duty with no sun protection. His

---

[1] PREA refers to the Prison Rape Elimination Act of 2003.

allegations do not establish that he is currently under imminent danger of serious physical injury.

Accordingly, Hamner may not proceed in this case unless he pays the $405 filing and administrative fees in full.

IT IS THEREFORE RECOMMENDED THAT:

1. Hamner's motion for leave to proceed *in forma pauperis* (Doc. No. 1) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

2. Hamner be given thirty days to reopen the case by paying the $405 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 2nd day of June, 2025.

_____
UNITED STATES MAGISTRATE JUDGE